## Floyd v. Williams

*Hassel, Yost & Sorrentino*, for plaintiff.
*Geisenberger, Zimmerman, Pfannebecker & Gibbel*, for defendants.

MUELLER, *J.*, April 20, 1977—The parties are before the court on defendants' preliminary objections to plaintiffs' amended complaint.

On July 1, 1974, an automobile being driven by Jennie B. Floyd, one of plaintiffs, collided with a piece of construction equipment, known as a backhoe, owned by Ira N. Williams, one of defendants. Said plaintiff and two of her minor children, Brett A. Floyd, then almost age eight and Brian Philip Floyd (who is otherwise known as P. Brian Floyd), then 3½ years of age, sustained injuries as a result of the collision, and a third child, Michele R. Floyd, who was five years of age, died two days later. The instant suit was commenced to recover for the various damages sustained by the occupants of plaintiffs' automobile. The original complaint was filed October 25, 1976, and defendants filed preliminary objections on November 16, 1976. Plaintiffs responded by filing an amended complaint February 1, 1977. Defendants filed preliminary objections to plaintiffs' amended complaint on February 14, 1977, and both sides have filed briefs.

There is only one issue before the court, which is whether plaintiffs can recover for the emotional distress they suffered as a result of the injuries and death of Michele Floyd. There is no Pennsylvania case concerning the right of a plaintiff in the zone of danger created by defendant's negligence to recover for plaintiff's distress at the injuries suffered by another. The authorities in other jurisdictions are sharply divided on this point. See generally cases collected at 29 A.L.R. 3d 1337. However, two Pennsylvania decisions shed some light on the state of the law in this Commonwealth.

The first of these is the 1970 Pennsylvania Supreme Court decision of Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970). In that case plaintiff and his son were walking down Market Street in Philadelphia when defendant's negligently driven

car skidded onto the sidewalk and struck down a fire hydrant, a litter basket and pole, a newsstand, and plaintiff's son who was standing next to plaintiff. Shortly afterwards plaintiff suffered a heart attack and was hospitalized for five weeks. Plaintiff sought recovery for his physical injuries and accompanying mental distress, but the lower court dismissed his complaint on the ground that there could be no recovery for negligently inflicted shock and fright, or their consequences, where there had been no impact upon plaintiff. This doctrine, known as the "impact rule," was at that time a well settled principle in the jurisprudence of Pennsylvania as well as many other jurisdictions. However, in Niederman the Pennsylvania Supreme Court overruled the lower court and abandoned the impact rule, holding as follows:

"We today choose to abandon the requirement of a physical impact as a precondition to recovery for damages proximately caused by the tort in only those cases like the one before us where the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact. Since appellant's complaint alleges facts which if proven will establish that the negligent force was aimed at him and put him in personal danger of physical impact, and that he actually did fear the force, this case must proceed to trial." 436 Pa. at 413.

The second significant Pennsylvania decision the court finds helpful is Scarf v. Koltoff, 242 Pa. Superior Ct. 294, 363 A. 2d 1276 (1976). In Scarf, plaintiff-husband was struck by defendant's negligently driven car as plaintiff crossed the street.

Plaintiff's wife saw the accident from a place of safety. As a result of the shock caused by the sight, she suffered a heart attack and died two months later. Plaintiff-husband sued defendant for his own injuries, for the wrongful death of his wife, and also brought a survival action. In affirming the lower court's demurrer to the wrongful death and survival actions, the Superior Court held that under Niederman no recovery was possible for injuries to the wife, since she was not within the zone of danger created by defendant's negligence. The court was urged to abandon the Niederman "zone of danger" test for the broader test followed in California allowing recovery by bystander relatives of the victim if their presence is forseeable. See e.g. Dillon v. Legg, 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P. 2d 912 (1968). The Superior Court expressly rejected this invitation to extend Niederman and reaffirmed the holding in that case that if the plaintiff is not struck by defendant, plaintiff cannot recover for negligently inflicted mental shock unless plaintiff was in the zone of danger and was actually in fear of his own safety.

Of course, neither of these cases controls the result in the instant case, since plaintiffs here actually suffered impact. However, as counsel for defendants pointed out in oral argument, the two cases, read together, point out the probable state of the law in the Commonwealth. In Niederman, plaintiff was allowed to recover because he was in the zone of danger and feared for his own safety. In Scarf, plaintiff-wife could not recover because she had no fear of injury to herself. The rule which the court distills from these two cases is that in Pennsylvania there can be no recovery for mental distress caused by observing the injuries to or death of

another, where defendant's conduct was unintentional. To state this rule in the words of defense counsel, the result would have been the same in Niederman if plaintiff had not had a son at all. Mr. Niederman was allowed to recover for the consequences of fear of injury to himself, not of his distress at seeing injury to his son. The importance of the zone of danger rule is that it guarantees that at least part of plaintiff's distress was caused by fear of plaintiff's own safety and not for the safety of others. If recovery is allowed for distress at observing injury to another, the zone of danger rule is wholly arbitrary and irrational. It appears evident to this court that the continued adherence of our appellate courts to the zone of danger rule, as exemplified by Scarf, is an indication that the victims of negligence are allowed to recover only for fear for their own safety, and not for fear for others.

This court strongly supports the construction placed upon Niederman by the Scarf decision and feels that any extension of Niederman in a case such as this is not sound public policy. Defendants' preliminary objections are sustained.

## ORDER

And now, April 20, 1977, defendants' preliminary objections in the nature of a demurrer and a motion to strike are sustained. The claims on behalf of Brett A. Floyd, P. Brian Floyd, and Jennie B. Floyd, contained in paragraphs 19, 21 and 24, respectively, of plaintiffs amended complaint are hereby stricken insofar as they claim damages for mental and emotional distress caused by the injuries to, and death of, Michele R. Floyd.